UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOHN J. KNABB, et al.

    Defendants.

CIVIL NO. 2:10-cv-00551
JUDGE SARGUS
MAGISTRATE JUDGE KING

## ORDER GRANTING REOPENING OF CASE, AND FOR JUDGMENT AND INJUNCTIVE RELIEF

This matter is presently before the Court upon Plaintiff's Motion (Document No. 12) for an Order reopening this case, for Judgment and Injunctive Relief, and for an Order setting a deadline for removal of the encroaching structures from property in which the United States owns flowage easement rights.

This is a civil suit for injunctive relief brought by the Plaintiff, United States of America against the defendants, John J. Knabb and Dorothy M. Knabb, requiring Defendants to cause the removal of the following encroaching structures from a tract of land known as WWC-337 located in Guernsey County, Ohio over which the Plaintiff owns flowage easement rights: (1) a shed (Structure No. 365) and (2) a garage (Structure No. 382).

The Court finds that jurisdiction is properly invoked pursuant to 28 U.S.C. § 1345.

Upon the evidence and the record, the Court further finds as follows:

On November 9, 2010, Plaintiff filed a Motion for Summary Judgment (Document No. 8) requesting that the Court enter Judgment in favor of Plaintiff for the removal of the encroaching

structures/obstructions to Plaintiff's flowage easement rights and requesting that the Court permanently restrain Defendants from locating structures or any other obstructions to Plaintiff's flowage easement rights, or acquiescing in, or consenting to such location on the land owned by the Defendants.

In lieu of an opinion and order by this Court to Plaintiff's Motion for Summary Judgment (Document No. 8), Defendants, John J. Knabb and Dorothy M. Knabb, filed with Plaintiff, on March 30, 2011, an Agreed Motion for Administrative Stay of Proceedings (Document No. 10). In this agreed motion, both parties agreed that dismantling and removal of the shed (Structure No. 365) would begin no later than Friday, May 13, 2011 and on Friday, August 26, 2011 a representative from the United States Army Corps of Engineers would inspect the property to confirm that the shed was, in fact, dismantled and removed. The parties further agreed that dismantling and removal of the garage (Structure No. 382) would begin no later than Friday, April 6, 2012, and on Friday, July 20, 2012 a representative from the United States Army Corps of Engineers would inspect the property to confirm that the garage was, in fact, dismantled and removed.

The parties further agreed that if dismantling and removal of the structures was not initiated and/or maintained in accordance with items 1, 2, 3, and 4 of the Agreed Motion (Document No. 10), or if the result of the inspections on or about Friday, August 26, 2011 and Friday, July 20, 2012 indicate that Defendants failed to remove the encroaching structures, and/or that additional or other structures encroach upon Plaintiff's flowage easement, Defendants would consent to a lift of the administrative stay and likewise consent to the entry of Judgment of this Court in favor of Plaintiff.

The parties further agreed that should the Court enter Judgment in favor of Plaintiff, Defendants may be required to effect dismantling and removal of the shed (Structure No. 365) and the garage (Structure No. 382) and/or the abatement of any and all encroachments and/or obstructions upon Plaintiff's flowage easement at a rate much more accelerated than the approximately one year provided at the pre-judgment phase. Thereafter, Plaintiff would conduct another inspection. If the results of the inspection indicate Defendants' failure to fully comply with the Judgment, Defendants may be found in civil contempt of Court subject to and solely responsible for any sanctions, penalties and costs deemed appropriate by the Court.

By Order entered March 31, 2011 (Document No. 11), the joint motion of the parties (Document No. 10) was granted and this case was administratively closed, subject to motion to reopen.

On August 2, 2012, a representative of the United States Army Corps of Engineers inspected the property of defendants, John J. Knabb and Dorothy M. Knabb. A Memorandum for Record and photograph attached to Plaintiff's Motion (Document No. 12) evidences that an inspection of the premises found the shed (Structure No. 365) and the garage (Structure 382) to still be located on the land and encroaching upon Plaintiff's flowage easement.

The Court finds that Defendants, John J. Knabb and Dorothy M. Knabb are in violation of the terms of the Agreed Motion for Administrative Stay of Proceedings (Document No. 10) in that they have made no attempts to dismantle and remove the shed (Structure No. 365) or garage (Structure 382), which encroach on Plaintiff's flowage easement.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the administrative stay imposed by Order (Document No. 11) be lifted and that this case be returned to the Court's

pending cases list.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Summary Judgment (Document No. 8) be GRANTED. Defendants are ordered to cause the removal of the shed (Structure 365) and the garage (Structure 382) from their land. The Court finds that there is no just reason for delay and orders Defendants to dismantle these encroaching structures and remove all debris associated with the dismantling on or before September 17, 2012.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff shall cause an inspection of the premises by a representative of the United States Army Corps of Engineers on or before October 1, 2012 and file a written Status Report with the Court on or before October 8, 2012 indicating whether the shed (Structure 365) and the garage (Structure 382) have been removed, as well as any debris from the demolition of these structures. The failure of Defendants John J. Knabb and Dorothy M. Knabb to remove these encroaching structures, as well as any residual debris, will result in civil contempt and/or monetary sanctions being imposed at the discretion of this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants, John J. Knabb and Dorothy M. Knabb, are permanently enjoined from locating upon their land any structures or any other obstructions that are in violation of Plaintiff's flowage easement rights.

**IT IS SO ORDERED.**

8-7-2012
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**